**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 18-243 |
| MARIO TILLER, | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Pending before the court is a pro se motion for sentence reduction (ECF No. 90) filed by defendant Mario Tiller ("defendant" or "Tiller"). The government filed a response in opposition to the motion (ECF No. 96) and the motion is ripe for decision.

### Background

Tiller pleaded guilty to counts 1, 2 and 3 of the superseding indictment at Crim. No. 18-243, which charged him with: (1) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C.§ 922(g)(1) at Count 1; (2) Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) at Count 2; and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) at Count 3. The Probation Office filed a Final Presentence Investigation Report and addendum (collectively, the "PIR"). Tiller and the government raised no objections to guideline calculation in the PIR and the court adopted that calculation as its final ruling.

As relevant to the pending motion, the court found that Tiller was both an Armed Career Criminal and a Career Offender, which drove his guideline calculation:

5. Regardless of the calculations above, the defendant's guideline range in this case will be determined by the career offender enhancements in Chapter 4 of the guidelines. The defendant meets the requirements to be classified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), because Count 1 is a violation of 18 U.S.C. § 922(g) and the defendant has at least 3 prior convictions for serious drug offenses. U.S.S.G. §4B1.4. The defendant has convictions for Possession with Intent to Deliver Cocaine and Possession with Intent to Deliver Heroin at Docket No.: CP 13344- 1998; Possession with Intent to Deliver Cocaine at Docket No.: CP 3670-2000; and Possession with Intent to Deliver Heroin at Docket No.: CP 1778-2000. Therefore, the offense level for an Armed Career Criminal is 34. U.S.S.G. §4B1.4(3)(A).

6. The defendant also meets the requirements to be classified as a Career Offender in that he was at least eighteen years old at the time the of the instant offense; the instant offense at Count 2 is a felony that is a controlled substance offense; and he has at least 2 prior felony convictions for either a crime of violence or a controlled substance offense including: Possession with Intent to Deliver Cocaine at Docket No.: CP 3670-2000; and Possession with Intent to Deliver Heroin at Docket No.: CP 1778-2000. U.S.S.G. §4B1.1(a). The offense level for a Career Offender is 34 because the statutory maximum term of imprisonment is 25 years or more. U.S.S.G. §4B1.1(b)(2).

7. For clarification, U.S.S.G. §4B1.4(b) states the following: The offense level for an Armed Career Criminal is the greatest of (1) the offense level applicable from Chapters 2 and 3; or (2) the offense level from U.S.S.G.§4B1.1(Career Offender) if applicable; or (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in U.S.S.G.§4B1.2(a), or a controlled substance offense, as defined in U.S.S.G. §4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. §5845(a); or (B) 33, otherwise. In this case, Tiller possessed the firearm in connection with a controlled substance offense.

ECF No. 71 at 4-5.

The court found that Tiller would have been in Criminal History category VI in any event, based upon his prior convictions:

**Criminal History Computation**

10. Defendant's prior criminal convictions result in a subtotal criminal history score of 20.

11. The defendant committed the instant offense while under a criminal justice sentence at Docket No.: CP 3813-2016; therefore, 2 points are

> added. U.S.S.G. §4A1.1(d). Thus, the total number of criminal history points is 22.
>
> 12. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 22 establishes a criminal history category of VI. Furthermore, pursuant to the provisions found in U.S.S.G. §§ 4B1.1 and 4B1.4, the defendant is a Career Offender and an Armed Career Criminal and his criminal history category must be **VI**.

*Id.* at 6. The guideline range of imprisonment pursuant to U.S.S.G. §§ 4B1.1(c)(2)(B) and (c)(3), was 262-327 months.

At the video sentencing hearing on June 9, 2020, the court sentenced Tiller to a term of imprisonment of 15 years at counts 1 and 2 (to run concurrent) and 5 years at count 3 (to run consecutive), for a total of 20 years; to be followed by 6 years of supervised release at count 2 and 5 years at counts 1 and 3 (all to run concurrent). The prison terms represented a downward variance from the advisory guideline range at counts 1 and 2, and the statutory mandatory minimum at count 3.

Tiller filed an appeal (ECF No. 77). The Third Circuit Court of Appeals affirmed his conviction and sentence. In relevant part, the court stated: "At his sentencing, Tiller did not dispute his status as a career offender and an armed career criminal." ECF No. 84-2 at 4.

In the pending motion, Tiller asserts arguments that were made, or should have been made, earlier in the case, including: a "wrongful ACCA enhancement," a "wrongful Career Offender enhancement," and a "wrongful criminal history score." ECF No. 90 at 6. As noted above, Tiller did not dispute those findings and his conviction and sentence were affirmed by the Third Circuit Court of Appeals. Tiller also alleges ineffective assistance of counsel in not challenging those sentence enhancements. *Id.* A claim for ineffective assistance of counsel must be raised in a habeas petition pursuant to 28 U.S.C. § 2255.

The only arguments made by Tiller in the pending motion that (construed broadly) could be cognizable as a basis for a sentence reduction are his contentions that Amendment 836 and Amendment 821 require resentencing (ECF No. 90 at 6). Tiller used the form for a motion for compassionate release pursuant to § 3582(c)(1)(A). The government, however, recognizes that the gravamen of Tiller's argument is based on § 3582(c)(2).

Section 3582(c)(2) creates a limited exception to the finality of sentences "for a defendant who 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' provided that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)." *United States v. Colorado Suarez*, No. 24CR272 (EP), 2026 WL 2798011, at *2 (D.N.J. Sept. 18, 2026).

As explained in *Colorado Suarez*:

> The Supreme Court has prescribed a two-step inquiry for motions brought under § 3582(c)(2). At the first step, the Court determines whether the defendant is eligible for a reduction and the extent of any reduction authorized by U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Only if the defendant is eligible does the Court proceed to the second step to consider whether a reduction is warranted in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 827. If an amendment "does not have the effect of lowering the defendant's applicable guideline range," a reduction "is not consistent with [§ 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Pratt*, Crim. No. 22-290, 2024 WL 4664683, at *1 (E.D. Pa. Nov. 4, 2024) (explaining that a reduction is not authorized under § 3582(c)(2) where a retroactive amendment does not lower the defendant's applicable Guidelines range).

*Id.* at *2 (D.N.J. Sept. 18, 2026)

Amendment 821, which became effective on November 1, 2023 (after Tiller's sentence), is retroactive. Amendment 821 made two changes: Part A modified the calculation of certain

criminal history "status points," and Part B created U.S.S.G. § 4C1.1, which permits a two-level decrease in offense level for certain defendants who received no criminal history points.

Amendment 821 does not entitle Tiller to relief. Under Part A, his original guideline calculation was not affected by his status points. Tiller was properly placed in criminal history category VI for two independent reasons: (1) his Armed Career Criminal status; and (2) his Career Offender status. Under Part B, he had 22 points due to his prior criminal convictions and cannot a "zero point" offender. In sum, under either Part A or Part B of Amendment 821, Tiller's guideline calculation is not affected and, therefore, he is not eligible for a sentence reduction. *See United States v. Ramos*, No. CR 08-274-2, 2024 WL 1659884, at *3 (E.D. Pa. Apr. 17, 2024) (denying motion for sentence reduction because "career offender designation nullifies any impact Amendment 821 might have on his Guidelines range") (citations omitted).

Tiller did not specifically explain why he believes "Amendment 836" entitles him to a sentence reduction. The court understands Tiller to reference United States Sentencing Guideline Amendment 836, effective November 1, 2025, which removed "departures" based on personal characteristics, in recognition that courts impose "variances" based on those characteristics. The sentencing commission explained the effect of Amendment 836 as follows:

> Reason for Amendment: This amendment is a result of the Commission's exploration of ways to simplify the guidelines and to reduce tension between 18 U.S.C. 3553(a) and the Guidelines Manual. Specifically, the amendment removes one of the steps in the current three-step sentencing process, which requires courts to consider departures provided for within the Guidelines Manual. As amended, the Guidelines Manual now provides a two-step process whereby the sentencing court must first correctly calculate the applicable guideline range as the "starting point and initial benchmark" and then must determine an appropriate sentence upon consideration of all the factors set forth by Congress in 18 U.S.C. 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).

U.S.S.G. Ch. One, Pt. A Ch. 1, Pt. A (2025).

Amendment 836 does not entitle Tiller to relief. As explained above, the court already gave Tiller the benefit of a downward variance when imposing his original sentence. In any event, Amendment 836 does not retroactively apply. U.S.S.G. § 1B1.10(d) (2025); *United States v. Darwich*, No. 10-20705-4, 2026 WL 2602932, at *3 (E.D. Mich. Sept. 2, 2026).[1]

Conclusion

For the reasons set forth above, the pro se motion for sentence reduction (ECF No. 90) filed by defendant Mario Tiller will be denied.

Date: October 21, 2026

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

[1] Tiller's request for appointment of counsel is denied as moot, in light of the court's determination that he is not eligible for a sentence reduction. *Colorado Suarez*, 2026 WL 2798011 at *4 n.3.